IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Judge John L. Kane

Criminal Action No. **12-cr-00235**

**UNITED STATES OF AMERICA**,

Plaintiff,

v.

**1.  ABEL VILLANEUVA-CALDERON**,

Defendant.

---

ORDER

---

Kane, J.

Before me is Defendant's Unopposed Motion to Enter Into Plea Agreement Containing

an Appeal Waiver (doc. 12).  The motion is DENIED.

In their briefs, the parties focus on the policy justifications for including  appellate

waivers in all "fast track" cases.[1]  *See* Defendant's Motion (doc. 12) at 5; Government's

Response (doc. 13) at 3-5.  As I stated in *United States v. Aguirre*, however, "Although an

agency's policy considerations may motivate including appellate waivers in plea agreements,

such generalized considerations are the very tissue of *ipse dixit* and cannot justify a waiver in

this or any case.  A contrary result would reduce the exercise of judicial discretion to a

---

[1]  "Fast track," also called "early disposition," refers to efforts to secure rapid
dispositions of illegal reentry and other immigration cases.  "Fast track" sentencing was initially
adopted on an ad hoc basis by federal district courts in the southwestern United States and
codified by Congress in 2003, with the passage of the Prosecutorial Remedies and Other Tools to
End the Exploitation of Children Today Act ("PROTECT Act"), 117 Stat. 650 (2003).

meaningless formality." Thus, the parties must provide case-specific reasons to justify including

a waiver of the right to appeal in a plea agreement. This they failed to do.

Notwithstanding the parties' insistence to the contrary, the Department of Justice's policy

justifications are irrelevant to my exercise of the judicial function. A brief examination of the

PROTECT Act, the statutory basis for the "fast track" program, is informative. As stated by

Defendant:

> [I]n the PROTECT Act, Congress determined that public policy supported
> reduced sentences for criminal defendants who participated in an early disposition
> program. Congress then delegated to the Sentencing Commission the
> requirements for such a program. The Sentencing Commission, in turn, delegated
> such requirements to the Attorney General of the United States and the individual
> United States Attorneys.

Defendant's Motion (doc. 12) at 5.

Aside from serious issues involving the separation of powers doctrine, it is clear that the

Sentencing Commission is not providing the requirements for the "fast track" program pursuant

to its delegated responsibilities. It is further evident that the Attorney General, by including an

appellate waiver as a requirement for his program, is adding that which is irrelevant and

unnecessary to an early disposition program. There is no showing, and I doubt one could be

made, that an early disposition program requires or justifies an appellate waiver in order to fulfill

the intent of the PROTECT Act. That such a waiver may further some other policy concern of

the Department of Justice is not a sufficient justification for the inclusion of an appellate waiver

in *this* case.

The only case-specific argument asserted by Defendant to support including a waiver in

the plea agreement is simply wrong. At pages 11 and 12 of his Motion, Defendant states he "has

demonstrated a willingness not only to accept the usual degree of responsibility for his actions

by entering a guilty plea, but also to accept a greater than usual acceptance of responsibility as evidenced by agreeing to an appellate waiver."

It is now a common misconception in the precincts of the criminal law to equate acceptance of responsibility with entering a guilty plea.  The law, however,  knows nothing of this so-called precept.  It derives, I assume, from a misreading of the Guidelines, which allow for an adjustment based on a defendant's acceptance of responsibility.  U.S.S.G. § 3E1.1 (Nov. 1, 2011 ed.) ( "If the defendant clearly demonstrates acceptance of responsibility for his offense, decrease the offense level by 2 levels").  The accompanying commentary, however, clarifies what constitutes "acceptance of responsibility" as follows:

> 1.  In determining whether a defendant qualifies under subsection (a), appropriate considerations include, but are not limited to the following:
> (A)     truthfully admitting the conduct comprising the offense(s) of conviction, and truthfully admitting or not falsely denying any additional relevant conduct for which the defendant is accountable under Section 1 B 1.3 (Relevant Conduct).
> (B)     Voluntary termination or withdrawal from criminal conduct or associations;
> (C)     Voluntary payment of restitution prior to adjudication of guilt;
> (D)     Voluntary surrender to authorities promptly after commission of the offense;
> (E)     Voluntary assistance to authorities in the recovery of the fruits and instrumentalities of the offense;
> (F)     Voluntary resignation from the office or position held during the commission of the offense;
> (G)     Post-offense rehabilitative efforts (e.g., counseling or drug treatment); and,
> (H)     The timeliness of the defendant's conduct in manifesting the acceptance of responsibility.

> 2.  This adjustment is not intended to apply to a defendant who puts the government to its burden of proof at trial by denying the essential factual elements of guilt, is convicted and only then admits guilt and expresses remorse.  <u>Conviction by trial, however, does not automatically preclude a defendant from consideration of such a reduction</u>.  In rare situations, a defendant may clearly demonstrate an acceptance of responsibility for his criminal conduct even though

3

he exercises his constitutional right to a trial.  This may occur, for example, where a defendant goes to trial to assert and preserve issues that do not relate to factual guilt (e.g., to make a constitutional challenge to a statute or a challenge to the applicability of a statute to his conduct).  In each such instance, however, a determination that a defendant has accepted responsibility will be based primarily on pre-trial statements and conduct.  (Emphasis added.)

This Commentary and the Guideline expressly state that acceptance of responsibility point reductions do <u>not</u> obtain where the defendant denies guilt; in no way, however, do they provide that acceptance of responsibility requires an admission of guilt, or that such an acceptance is the same as entering a guilty plea  or that a guilty plea is even relevant to a point reduction.  *A fortiori,* I reject the claim that agreeing to waive the right to appeal is tantamount to an even "greater than usual" acceptance of responsibility and is therefore relevant to the statutory criteria of promoting respect for the law and providing just punishment for the offense.


The Department of Justice's unyielding insistence on including appellate waivers ignores the fundamental change in the sentencing process precipitated by *United States v. Booker*, 543 U.S. 220 (2005),  holding the U.S. Sentencing Guidelines advisory and not mandatory. Sentencing post-*Booker*  requires consideration of context and application of criteria rather than a mechanical or clerical entry of a matrixed judgment.  Sentencing must now demonstrate that such decisions are based on the required 18 U.S.C. 3553 criteria. The sentencing judge is obligated "to give respectful consideration to the Guidelines," but is not chained to them.  The judge must first calculate the Guideline range, but the Guideline recommendation may be rejected if such rejection has a rational basis.  *Gall v. United States*, 552 U.S. 38 (2007).

The public interest in the legitimacy of our legal system hinges upon appellate review; if a Defendant is to waive his statutory right to an appeal, he must demonstrate case-specific

factors outweighing that public interest.  Accordingly, appellate review by an abuse of discretion standard is essential to ensure compliance with the statute and not with some policy directive.[2] Because no basis has been offered for this court, in exercising its statutory responsibilities,  to accept a waiver of the right to appeal in this case, the motion is denied.


Dated: June 28, 2012                          BY THE COURT:

                                              **/s/ John L. Kane**
                                              Senior U.S. District Court Judge

---

[2] If, as argued by Defendant, a disparity in sentencing exists because of the plea bargaining criteria of the "fast track" program, the solution is to modify the program and not to request the court to engage in "judicial amendment" of the statute.